UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARLON L. PENDLETON,

    Plaintiff,

        v.                              CAUSE NO. 3:23-CV-231-JD-MGG

SPEIGAL,

    Defendant.

OPINION AND ORDER

Marlon L. Pendleton, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pendleton alleges that, on March 21, 2021, when he was returning to P-Dorm after breakfast, Sergeant Speigal grabbed him, handcuffed him behind his back, and called him derogatory names. ECF 1 at 2. Sergeant Speigal then pulled or dragged him across the prison yard, and when they reached the concrete sidewalk, Sergeant Speigal tossed him headfirst onto the sidewalk. *Id*. Pendleton asserts that Sergeant Speigal then sat on his head as he was lying on the sidewalk. *Id*. He saw a flash of light and thought

he was going to blackout. *Id*. As Sergeant Speigal forced him onto his feet, he felt dizzy from being slammed onto the sidewalk. *Id*. at 3. Shortly thereafter, another officer escorted Pendleton to a holding cell. *Id*. About twenty to thirty minutes later, Sergeant Speigal went to Pendleton's holding cell where he made threatening and derogatory remarks to Pendleton. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Pendleton the benefit of the inferences to which he is entitled at this stage of the case, he states a plausible Eighth Amendment claim against Sergeant Speigal.

For these reasons, the court:

(1) GRANTS Marlon L. Pendleton leave to proceed against Sergeant Speigal in his individual capacity for compensatory and punitive damages for using excessive force against Pendleton on March 21, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Sergeant Speigal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service, if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Speigal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 15, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT